IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: Charles L. Mangene and Regina D. Mangene<br>　　　Debtors, | BANKRUPTCY CASE NUMBER<br>20-14553-elf |
| American Heritage Federal Credit Union<br>　　　Movant.<br>v.  | CHAPTER 13<br><br>11 U.S.C. § 362 |
| Charles L. Mangene and Regina D. Mangene<br>　　　Debtors/Respondents,<br><br>William C. Miller, Trustee<br>　　　Additional Respondent. | July 13, 2021 at 10:00 am<br><br>Courtroom # 1 |

## MOTION OF AMERICAN HERITAGE FEDERAL CREDIT UNION FOR RELIEF FROM THE AUTOMATIC STAY UNDER SECTION §362 (d)

　　　Secured Creditor, American Heritage Federal Credit Union ("Movant"), by and through its undersigned counsel, pursuant to 11 U.S.C. §362, hereby seeks relief from the automatic stay to exercise and enforce its rights, without limitation, with respect to certain real property. In support of this motion, Movant avers as follows:

　　　1.　　Debtor named above filed a Voluntary Petition under Chapter 13 of the United States Bankruptcy Code in the Eastern District of Pennsylvania under the above case number.

　　　2.　　Movant is the holder of a secured claim against Debtors, secured only by a first mortgage lien on real estate which is the principle residence of Debtors located at 9 Viburnum Lane, Levittown, PA 19054 (the "Mortgaged Premises").

　　　3.　　American Heritage Federal Credit Union services the loan on the property referenced in this motion for relief. In the event the automatic stay in this case is modified, this case dismisses and/or the debtor obtains a discharge and a foreclosure action is commenced on the mortgaged property, the foreclosure will be conducted in the name of American Heritage Federal Credit Union.

　　　4.　　American Heritage Federal Credit Union, directly or through an agent, has possession of the promissory note. The promissory note is either made payable to Noteholder or has been duly indorsed in blank. Noteholder is the original mortgagee, or beneficiary, or the assignee of the security instrument for the referenced loan.

5. The filing of the aforesaid Petition operated as an automatic stay under Section 362(a) of the Bankruptcy Code of proceedings by Movant to foreclose on the Mortgaged Premises. Movant requests relief from the automatic stay to continue with the filed mortgage foreclosure action, if any, and to take the necessary action to obtain the Mortgaged Premises.

6. Additional Respondent is the Standing Trustee appointed in this Chapter 13 proceeding.

7. Debtors have claimed an exemption in the amount of $7,960.50 in the subject property.

8. Debtors have failed to make all post-petition monthly mortgage payments.

9. The defaults include the failure to make the following monthly payments:

   a) Late Fees of $61.42 from December 16, 2020 through April 16, 2021 which totals $307.10;

   b) Payments of $1,787.30 from March 1, 2021 through June 1, 2021 which totals $7,149.20;

   c) Less Suspense of $377.88

   d) Attorney fees of $1,050.00 incurred in the representation of Movant in this proceeding and filing costs of $188.00;

   e) The total amount due (a through c combined) is $8,316.42

10. The Fair Market Value of the Mortgaged Premises is $266,476.50, as per Debtor's Schedules. The approximate amount necessary to payoff the loan is $272,880.15 good through May 27, 2021. The breakdown of the payoff is as follows:

| | |
|---|---|
| Principal Balance | $257,728.29 |
| Accrued Interest | $8,201.65 |
| Escrow Advances made by Plaintiff | $3,050.49 |
| Accrued Late Charges | $552.78 |
| NSF Check Charges | 75.00 |
| Deferred Principal | $781.08 |
| Deferred Interest | $1,675.90 |
| Deferred Late Charges | $122.84 |
| Corporate Advance | $1,100.00 |
| Suspense Balance | ($377.88) |

11. Movant's interests are being immediately and irreparably harmed. Movant is entitled to relief, from the automatic stay, pursuant to either 11 U.S.C. § 362 (d)(1) or (d)(2), because of the foregoing default and because:

      a)     Movant lacks adequate protection for its interests in the Mortgaged Premises;

      b)     Debtors does not have any equity in the Mortgaged Premises; and

      c)     The Mortgaged Premises are not necessary to an effective reorganization or plan.

12.     Movant requests that the Court waive Rule 4001(a)(3), permitting Movant to immediately implement and enforce the Court's order.

13.     Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase order, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements in support of right to seek a lift of the automatic stay and foreclose if necessary.

WHEREFORE, Movant respectfully moves this Court for an Order (i) granting Movant relief from the automatic stay to foreclose upon and to otherwise exercise and enforce its rights with respect to the Mortgaged Premises, (ii) awarding reasonable attorneys' fees incurred in the preparation and presentation of this motion, and (iii) granting all such other and further relief as the Court deems appropriate and necessary.

    Respectfully submitted,

Dated: June 16, 2021

    /s/ Kristen D. Little
BY:_____
Kristen D. Little, Esquire
LOGS Legal Group LLP
3600 Horizon Drive, Suite 150
King of Prussia, PA 19406
(610) 278-6800/ fax (847) 954-4809

LLG File #:21-066016

PA BAR ID #79992
klittle@logs.com
pabk@logs.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: Charles L. Mangene and Regina D. Mangene<br>    Debtors, | BANKRUPTCY CASE NUMBER<br>20-14553-elf |
| American Heritage Federal Credit Union<br>    Movant.<br>v.<br><br>Charles L. Mangene and Regina D. Mangene<br>    Debtors/Respondents,<br><br>William C. Miller, Trustee<br>    Additional Respondent. | CHAPTER 13<br><br>11 U.S.C. § 362 |

## CERTIFICATE OF SERVICE

I, Charles Bell, an employee of the law firm of LOGS Legal Group LLP hereby certify that I caused to be served true and correct copies of the Motion and Notice of Motion, Response Deadline and Hearing Date by First Class Mail, postage prepaid or by electronic notification, at the respective last known address of each person set forth below on 06/16/2021:

Charles L. Mangene, 9 Viburnum Lane, Levittown, PA 19054

Regina D. Mangene, 9 Viburnum Lane, Levittown, PA 19054

Brad J. Sadek, Esquire, Sadek and Cooper, 1315 Walnut Street, Suite 502, Philadelphia, PA 19107
Sent via electronic notification brad@sadeklaw.com

William C. Miller, Trustee, P.O. Box 1229, Phila, PA 19105
Sent via electronic notification ecfemails@ph13trustee.com

United States Trustee
Sent via electronic notification ustpregion03.ph.ecf@usdoj.gov

I HEREBY CERTIFY UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

    /s/ Charles Bell
Charles Bell
LOGS Legal Group LLP
3600 Horizon Drive, Suite 150
King of Prussia, PA 19406
(610) 278-6800

LLG File #:21-066016

Charles L. Mangene
9 Viburnum Lane
Levittown, PA 19054

Regina D. Mangene
9 Viburnum Lane
Levittown, PA 19054